

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| STEFON SHANANTHONY RUSSELL,  §<br>      Plaintiff,                              §<br>                                              §<br>vs.                                         §       Civil Action No. 3:25-2551-MGL<br>                                              §<br>JUSTIN RILEY (AGENT RILEY), AGENT §<br>TERAPIN, JOHN T. GIETZ, and       §<br>LEXINGTON COUNTY PROBATION, §<br>PARDON AND PAROLE SERVICES,   §<br>      Defendants.                          § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND SUMMARILY DISMISSING THIS CASE WITHOUT PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

Plaintiff Stefon ShanAnthony Russell (Russell), who is representing himself, filed this civil rights action against Defendants Justin Riley (Agent Riley), Agent Terapin, John T. Gietz, and Lexington County Probation, Pardon and Parole Services, alleging violations of his constitutional rights under 42 U.S.C. § 1983.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court summarily dismiss this case without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 1, 2025.  To date, Russell has failed to file any objections.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case under the standards set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court this case is summarily **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED.**

Signed this 15th day of May 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
### NOTICE OF RIGHT TO APPEAL

Russell is hereby notified of his right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.